United States District Court
Southern District of Texas
**ENTERED**
April 09, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMAIA ALI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-3410 |
| | § | |
| ABU OMAR HALAL LLC, *et. al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Pending before the Court is Defendants' Abu Omar Halal LLC and Mohammad Altawaha's Motion to Compel Arbitration and to Stay Proceedings and Deadlines (Document No. 15). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is a case involving alleged Fair Labor Standards Act violations. On September 1, 2022, Plaintiff Omaia Ali ("Plaintiff") began working on a food truck for Defendants Ahmed Kilani, Akilane, LLC, Mohammad Altawaha, and Abu Omar Halal, LLC ("Abu Omar Halal") (collectively "Defendants"). Plaintiff worked on several food trucks operated by Defendant Akilane, LLC and owned by Defendant Abu Omar Halal, LLC. Defendant Ahmed Kilani ("Kilani") was his supervisor. Sometime in early 2024, Plaintiff began working on an additional food truck, also owned by Abu Omar Halal, but was supervised directly by Abu Omar Halal's owner,

Defendant Altawaha. On February 15, 2024, Defendant terminated Plaintiff's employment "because he was working a side job."[1] Plaintiff alleges that, during the course of his employment with the aforementioned Defendants prior to November 23, 2024, he was an at-will employee and had not entered into any formal employment agreement.[2] Nonetheless, on November 23, 2024, Plaintiff ultimately did enter an employment agreement ("Agreement") with Abu Omar Halal. The Agreement described Plaintiff as an at-will employee and identified Plaintiff's compensation as 50% of the food truck's net profits, of which there were none.

Based on the foregoing, on July 24, 2025, Plaintiff filed suit in this Court asserting claims for violations of the Fair Labor Standards Act, violation of the Texas Labor Code, violation of the Texas Payday Law, and fraud.[3] On November 19, 2025, Defendants Abu Omar Halal and Altawaha filed the present motion to compel arbitration and stay the current matter.[4] On December 10, 2025, Plaintiff responded in opposition to Defendants Abu Omar Halal and Altawaha's motion to compel arbitration.[5]

---

[1] *Plaintiff's Original Complaint*, Document No. 2 at 2.

[2] *Plaintiff's Original Complaint*, Document No. 2 at 3.

[3] *Plaintiff's Original Complaint*, Document No. 2 at 11–14.

[4] *Defendants Abu Omar Halal LLC and Mohammad Altawaha's Motion to Compel Arbitration and to Stay Proceedings and Deadlines*, Document No. 15 at 1.

[5] *Plaintiff's Response to Defendants' Abu Omar Halal, LLC's and Mohammad Altawaha's Motion to Compel Arbitration (ECF 15)*, Document No. 20 at 1.

2

## II. STANDARD OF REVIEW

The Federal Arbitration Act allows a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition the Court and move to compel arbitration. 9 U.S.C. § 4; *Am. Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490, 493 (5th Cir. 2006). Upon finding that a valid arbitration agreement exists and that one of the parties has failed to comply with the arbitration agreement, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. It is well established that when the parties have agreed to submit to binding arbitration, the court must compel arbitration—"the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

Courts employ a two-step analysis to determine whether a motion to compel arbitration should be granted. "First, a court must determine whether the parties agreed to arbitrate the dispute in question. Second, a court must determine whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (citations omitted) (internal quotation marks omitted). When determining whether the parties agreed to arbitrate, the Court must consider "(1) whether there is a valid agreement to arbitrate

between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.*

### III. LAW & ANALYSIS

Defendants Abu Omar Halal and Altawaha move to compel arbitration contending that "[a] valid agreement to arbitrate exists."[6] In response, Plaintiff contends that the arbitration agreement is inapplicable to Plaintiff's claims, unenforceable as to Defendant Altawaha, invalid due to lack of consideration, and unconscionable in its entirety.[7] In considering Defendants Abu Omar Halal and Altawaha's motion to compel arbitration, the Court has considered, in detail, the language of the arbitration agreement which states: "All disputes arising out of or related to this Agreement or the Employee's employment shall be resolved exclusively through binding arbitration administered by the American Arbitration Association."[8] The Court will consider, in turn, each of Plaintiff's contentions in response to Defendants' motion.

---

[6] *Defendants Abu Omar Halal LLC and Mohammad Altawaha's Motion to Compel Arbitration and to Stay Proceedings and Deadlines,* Document No. 15 at 2.

[7] *Plaintiff's Response to Defendants' Abu Omar Halal, LLC's and Mohammad Altawaha's Motion to Compel Arbitration (ECF 15),* Document No. 20 at 7–14.

[8] *Defendants Abu Omar Halal LLC and Mohammad Altawaha's Motion to Compel Arbitration and to Stay Proceedings and Deadlines,* Document No. 15, Exhibit A at 5 (*Arbitration Agreement*).

### A. Applicability of the Arbitration Clause to Plaintiff's Claims

Defendants move to compel arbitration of Plaintiff's claims contending, in relevant part, that "Plaintiff's claims fall within the scope of the clause."[9] In response, Plaintiff contends that "Defendants have not shown that the arbitration clause covers Plaintiff's pre-agreement FLSA and wage claims[.]"[10]

Broad arbitration clauses are capable of expansive reach. *See Pennzoil Exploration and Production Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998) (citing *Prima Paint Corp.* v. *Flood & Conklin Mfg. Co*, 388 U.S. 395, 397–98 (1967) ("labelling as 'broad' a clause requiring arbitration of '[a]ny controversy or claim arising out of or relation to this Agreement'"). In response to Defendants' motion, Plaintiff contends that at least some of his claims should not be arbitrated because the alleged wage violations predated the Agreement, and because the Agreement contains no "clear retroactive language[.]"[11] In considering Plaintiff's contention, the Court has reviewed the language of the Agreement stating, in relevant part, that "[a]ll disputes arising out of or related to this Agreement or the Employee's employment shall be resolved exclusively through binding

---

[9] *Defendants Abu Omar Halal LLC and Mohammad Altawaha's Motion to Compel Arbitration and to Stay Proceedings and Deadlines*, Document No. 15 at 2.

[10] *Plaintiff's Response to Defendants' Abu Omar Halal, LLC's and Mohammad Altawaha's Motion to Compel Arbitration (ECF 15)*, Document No. 20 at 7.

[11] *Plaintiff's Response to Defendants' Abu Omar Halal, LLC's and Mohammad Altawaha's Motion to Compel Arbitration (ECF 15)*, Document No. 20 at 8.

arbitration[.]"[12] Plaintiff does not contest that his claims are related to his employment. Based on the foregoing, and the Fifth Circuit's clear guidance that broad arbitration clauses have expansive reach, the Court finds that Plaintiff's claims, to the extent they pre-date the Agreement, are covered by the arbitration Agreement. The Court will now consider Plaintiff's argument as it relates to enforcement of the Agreement by Defendant Altawaha.

*B. Defendant Altawaha's Enforcement of the Arbitration Clause*

Defendants Abu Omar Halal and Altawaha move to compel arbitration pursuant to "a written Employment Agreement[.]"[13] In response, Plaintiff contends that Defendant Altawaha, a non-signatory to the Agreement, cannot compel arbitration.[14] The Fifth Circuit generally recognizes six theories in which a non-signatory is bound to an arbitration agreement: "(a) incorporation by reference; (b) assumption; (c) agency; (d) viel-piercing/alter ego; (e) estoppel; and (f) third-party beneficiary." *Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003).

Here, Plaintiff contends that "[b]ecause Defendants have not established any recognized non-signatory theory, the Court should hold that Defendant Altawaha, in

---

[12] *Arbitration Agreement*, Document No. 15 at 5.

[13] *Defendants Abu Omar Halal LLC and Mohammad Altawaha's Motion to Compel Arbitration and to Stay Proceedings and Deadlines*, Document No. 15 at 1.

[14] *See Plaintiff's Response to Defendants' Abu Omar Halal, LLC's and Mohammad Altawaha's Motion to Compel Arbitration (ECF 15)*, Document No. 20 at 9.

6

his individual capacity, cannot compel Plaintiff to arbitrate his FLSA, wage, and fraud claims."[15] In considering Defendants' motion, the Court has reviewed the Agreement, in detail, and notes that the Agreement was "by and between Abu Omar Halal LLC . . . (the "Company"), and Omaia Eyad Mahmoud Ali (the "Employee")[.]"[16] However, the Court further notes that Defendant Altawaha executed the Agreement on behalf of Defendant Abu Omar Halal as the company's president.[17] Lastly, the Court has considered the nature of Plaintiff's claims and finds that Plaintiff's claims against Defendant Altawaha arise out of Plaintiff's employment with Defendant Abu Omar Halal.[18] Based on the foregoing, and the clear guidance of the Fifth Circuit on when a non-signatory may enforce an arbitration agreement, the Court finds that Defendant Altawaha was acting as an agent of Defendant Abu Omar Halal in executing the Agreement, and thus, finds that Defendant Altawaha may enforce arbitration pursuant to the Agreement. The Court will now consider Plaintiff's contentions as they relate to lack of consideration.

---

[15] *Plaintiff's Response to Defendants' Abu Omar Halal, LLC's and Mohammad Altawaha's Motion to Compel Arbitration (ECF 15)*, Document No. 20 at 11.

[16] *Arbitration Agreement*, Document No. 15 at 1.

[17] *Arbitration Agreement*, Document No. 15 at 6.

[18] *See Plaintiff's Complaint*, Document No. 2 at 17 ("Mr. Altawaha and Mr. Kilani acted on behalf of Abu Omar Halal, LLC in setting working hours, they are jointly and severally liable.").

*C. Consideration*

In response to Defendants' current motion, Plaintiff contends, in relevant part, that "[t]he arbitration clause is void for lack of consideration and because Defendants' promise to arbitrate is illusory." "When deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply the ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "In the context of stand-alone arbitration agreements, binding promises are required on both sides as they are the only consideration rendered to create a contract." *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005) (further holding that "[b]ut when an arbitration clause is part of an underlying contract, the rest of the parties' agreement provides the consideration.").

Here, Plaintiff contends that the Agreement should not be enforced because "(a) no new consideration was provided for the post-employment agreement, and (b) Defendants' promise to arbitrate is illusory."[19] The Court has reviewed the Agreement and notes the language of the arbitration clause requiring "[a]ll disputes" to be arbitrated.[20] Plaintiff's response to Defendants' present motion, nor the Court's own independent review of the Agreement, reveals any clause that suggests the

---

[19] *Plaintiff's Response to Defendants' Abu Omar Halal, LLC's and Mohammad Altawaha's Motion to Compel Arbitration (ECF 15)*, Document No. 20 at 12.

[20] *Arbitration Agreement*, Document No. 15 at 5.

agreement to arbitrate is not bilateral. As such, the Court finds that there is a binding promise on both sides to arbitrate all claims. With respect to Plaintiff's contention that Defendants' promise is illusory, the Court declines to consider Defendants' rights contained within the contract as evidence of a unilateral arbitration agreement in light of the clear language of the arbitration clause. Given the Court's finding that the Agreement requires both sides to arbitrate, the Court finds that the Agreement does not lack consideration, and thus, should be enforced. Lastly, the Court will consider Plaintiff's contentions as they relate to unconscionability.

*D. Unconscionability*

Defendants Abu Omar Halal and Altawaha move to compel arbitration contending that "[a] valid agreement to arbitrate exists."[21] In response, Plaintiff contends that the arbitration clause is both substantively and procedurally unconscionable, and thus, unenforceable.[22]

"When deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply the ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Unconscionable contracts are unenforceable under Texas law. *In Re Poly-America*,

---

[21] *Defendants Abu Omar Halal LLC and Mohammad Altawaha's Motion to Compel Arbitration and to Stay Proceedings and Deadlines*, Document No. 15 at 2.

[22] *See Plaintiff's Response to Defendants' Abu Omar Halal, LLC's and Mohammad Altawaha's Motion to Compel Arbitration (ECF 15)*, Document No. 20 at 14.

*L.P.*, 262 S.W.3d 337, 348 (2008) (citation omitted). Generally, a contract is considered unconscionable "if it is grossly one-sided." *Id.*

Here, Plaintiff contends that the arbitration agreement is substantively unconscionable because it is "part of an illegal scheme designed to evade the FLSA[.]"[23] Defendant further contends that the arbitration agreement is procedurally unconscionable because "Plaintiff had no bargaining power and was presented the agreement after years of coercive, unpaid labor[.]"[24] As such, Plaintiff contends that Defendants' motion should be denied because the arbitration agreement is unenforceable. A review of the record in this matter reveals that Plaintiff does not appear to contest the conscionability of the arbitration agreement itself but rather the conscionability of the contract that contains the arbitration agreement. Furthermore, the Court has considered the clear language of the arbitration agreement stating, in relevant part, that "[a]ll disputes" are to be arbitrated.[25]

Given that the agreement to arbitrate is bilateral, the Court declines to find that the arbitration agreement itself is grossly one-sided. Based on the foregoing, and the Texas Supreme Court's clear guidance that an unconscionable contract is one that is

---

[23] *Plaintiff's Response to Defendants' Abu Omar Halal, LLC's and Mohammad Altawaha's Motion to Compel Arbitration (ECF 15)*, Document No. 20 at 14.

[24] *Plaintiff's Response to Defendants' Abu Omar Halal, LLC's and Mohammad Altawaha's Motion to Compel Arbitration (ECF 15)*, Document No. 20 at 16.

[25] *Arbitration Agreement*, Document No. 15 at 5.

grossly one-sided, the Court finds that the arbitration agreement is not unconscionable, and thus, enforceable. As such, the Court finds that Defendants Abu Omar Halal and Altawaha's motion should be granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants Abu Omar Halal LLC and Mohammad Altawaha's Motion to Compel Arbitration and to Stay Proceedings and Deadlines (Document No. 15) is **GRANTED**. The Court further

**ORDERS** that the claims against Defendants Abu Omar Halal LLC and Mohammad Altawaha shall be submitted to arbitration in accordance with this Order and pursuant to the terms of the arbitration provision included in the 2024 Employment Agreement, submitted as Exhibit A to Defendants' motion to compel arbitration.

**ORDERS** that **ALL CLAIMS** against **ALL DEFENDANTS** in this matter are **STAYED** pending resolution of the claims to be arbitrated. The Court further

**ORDERS** that this matter is **ADMINISTRATIVELY CLOSED** pending the resolution of the claims to be arbitrated.

11

SIGNED at Houston, Texas, on this 9 day of April, 2026.

DAVID HITTNER
United States District Judge

12